IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| H & S EQUIPMENT, INC. and<br>MARK HOLLOWAY, INC. | )<br>)<br>) | |
| Plaintiffs, | ) | |
| vs. | ) | NO.  CIV-15-1244-HE |
| DEVON ENERGY PRODUCTION<br>COMPANY, L.P., successor by merger to<br>FELIX ENERGY, L.L.C. | )<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

**ORDER**

Defendant Devon Energy, L.P. has renewed its motion for judgment as a matter of law, arguing that plaintiff H&S Equipment failed to introduce evidence at trial sufficient to support the jury's determination of liability and damages.  Somewhat remarkably, H&S has not responded to the motion.  However, as Devon's arguments are largely a reassertion of arguments previously raised and addressed by the court, and as the present submissions do not persuade the court the earlier determinations were in error, the motion will be denied.

The standard for a Rule 50 motion is a stringent one.  "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position."  Elm Ridge Expl. Co. v. Engle, 721 F.3d 1199, 1216 (10th Cir. 2013).  Judgment must be entered if "there can be but one reasonable conclusion as to the verdict."  Auraria Student Housing at the Regency, L.L.C. v. Campus Village Apartments, L.L.C., 843 F.3d 1225, 1247 (10th Cir. 2016)

(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). In resolving a motion under Rule 50, the court must view the evidence in the light most favorable to the nonmoving party. Sanjuan v. IBP, Inc., 160 F.3d 1291, 1298 (10th Cir. 1998).

The parties are familiar with the evidence at trial and it is unnecessary to describe it in detail here. Broadly summarized, H&S's evidence was that Felix Energy (Devon's predecessor in interest) conducted a fracking operation on adjacent property which damaged H&S's Coffey Well. At the time Felix was conducting the fracking operation, water erupted from the Coffey Well. The Coffey Well was equipped with a pressure monitor, which showed a sharp spike in pressure, followed by a bottoming out of gas pressure in the well. H&S's president, Andy Sheen, testified that he had a "swabbing rig" come to the Coffey Well and attempt to remove the water from the well bore. The swabbing rig is designed to draw water up and out of the bore. The evidence was that, at 4,700 feet into the bore, the swabbing rig struck solid material of some sort and could make no further progress.

Plaintiff's evidence also included testimony that Mr. Sheen requested that Felix repair the well, but Felix refused to do so. Mr. Sheen testified he made no further attempts at repairing the well after the swabbing effort, nor did he attempt to pull the tubing from the well or conduct further tests to determine whether the casing was collapsed. He testified that he did not want to "throw good money after bad."

At the close of H&S's evidence, Devon moved for judgment as a matter of law on the issue of whether the damage to the Coffey Well was permanent or temporary, arguing, as it does now, that H&S failed to present evidence proving the well was permanently

damaged. Devon also renews its argument that plaintiff's case could not be proved without expert testimony and that plaintiff presented none.

Oklahoma law defines permanent injury as that which is "reasonably incapable of abatement." Burlington N. & Santa Fe Ry. V. Grant, 505 F.3d 1013, 1027 (10th Cir. 2007). This is contrasted with temporary injury, which is injury that is "capable of being corrected by a reasonable expenditure of money within a reasonable period of time." *Id*. So the key determination here involves not only the question of what specifically happened to the Coffey Well, but also the question of whether, with a reasonable expenditure of money, the permanent or temporary nature of the damage could be determined and then remedied. The court concludes there was sufficient evidence, viewed in the light most favorable to H&S, from which the jury could have concluded that the Coffey Well was incapable of being restored to working order by a reasonable expenditure of money within a reasonable period of time. There was therefore a sufficient basis for the conclusion and damages determination reached by the jury.

Plaintiff's evidence included the pressure data referenced above and the testimony that the swabbing rig stopped at 4,700 feet after encountering solid material. Mr. Sheen testified that he did not attempt to pull the tubing and did not know for sure that the casing had collapsed. But there was evidence offered that the Coffey Well was an economically marginal well, that its low cost operation directly related to its value to plaintiff, and that pulling the tubing would cost between $3,000 and $6,000 if the tubing could be pulled. According to Mr. Sheen, who had substantial experience with the drilling and operation of vertical wells, the evidence of solid material in the bore indicated to him that the tubing

likely could not be removed.  There was also testimony that, if further work needed to be done, the repair costs would have been substantial relative to the value of the well to plaintiff.  Viewing the evidence in the light most favorable to the plaintiff, the court concludes there was a sufficient basis in the evidence for the jury's apparent conclusion that defendant's fracking operation caused injury to the Coffey Well and that, based on the standards referenced above, that injury was permanent.  There was therefore a sufficient basis for the jury's award.  Further, while disputes like those involved in this case often involve the use of expert testimony, the court concludes specialized testimony beyond that offered by the witnesses who testified was not essential to plaintiff's case.

Devon's renewed motion for judgment as a matter of law [Doc. #94] is **DENIED.**

**IT IS SO ORDERED.**

Dated this 11th day of October, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE